# EXHIBIT A

IN THE COUNTY COURT OF THE SIXT JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

MADISON MICHAEL CRAIG
JOHNSON,                                    CASE NO.:

      Plaintiff,

vs.

BANK OF AMERICA,
EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
AND TRANSUNION, LLC

      Defendant.                          **JURY TRIAL DEMANDED**
_____/

## COMPLAINT

Plaintiff, Madison Michael Craig Johnson (hereinafter "Plaintiff"),

by and through the undersigned counsel, sues Defendant, Bank of America hereinafter

("BOA"), Equifax Information Services, LLC (hereinafter "Defendant Equifax"), Experian

Information Solutions, Inc. (hereinafter "Defendant Experian"), and TransUnion, LLC

(hereinafter "Defendant TransUnion"), (collectively the "Defendants") in support thereof,

respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages,

costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §

1681 *et seq.* ("FCRA").

1

2.    The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3.    Defendants have violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on his credit report.

4.    Plaintiff brings claims for his actual and punitive damages against Defendants for their inaccurate reporting and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

## JURISDICTION AND VENUE

5.    The jurisdiction for this Court has jurisdiction over this case.

6.    Venue is proper in Pinellas County as Plaintiff resides in Pinellas County, Florida, the violations described in this Complaint occurred in Pinellas County, and the Defendants transact business within Pinellas County.

## PARTIES

7.    Plaintiff is a natural person and resident of Pinellas County, Florida.

8.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.    Defendant  is a business entity and furnisher of credit information doing business in Pinellas County, Florida.

10.    At all material times herein, Bank of America is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

2

11.     Defendant Equifax is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

12.     Defendant Experian is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

13.     Defendant TransUnion is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

## FACTUAL ALLEGATIONS

14.      In or about October 2023, Plaintiff checked his credit reports and became aware that the BOA account was being reported with derogatory payments despite payments always being made on time.

15.     On October 20, 2023, Plaintiff disputed BOA's credit reporting by separate letters to Experian, Equifax and TransUnion (hereinafter, the "First Dispute Letter"). Please see attached a true and correct copy of Plaintiff's First Dispute Letter, labeled as Composite Exhibit A.

16.     TransUnion received the First Dispute Letter via certified mail but failed to include the date the letter was received.

17.     Experian received the First Dispute Letter via certified mail but never returned a signed and dated receipt card.

18.      Experian, Equifax and TransUnion communicated Plaintiff's First Dispute Letter to BOA.

19.     On October 24, 2023, Experian sent Plaintiff a letter with its investigation results with Report No. 1419-2959-81 (hereinafter, "Experian's First Response")

3

incorrectly reporting derogatory payments from July 2020 through December 2021 and left a comment that Plaintiff was paying under a "partial payment agreement."

20.    On October 27, 2023, Experian sent Plaintiff a letter with its investigation results with Report No. 2359-7774-07 (hereinafter, "Experian's Second Response") the report continued to incorrectly reporting derogatory payments from June 2020 through September 2022 and left a comment that Plaintiff was paying under a "partial payment agreement."

21.    On October 30, 2023, Equifax sent Plaintiff a letter with its investigation results with Confirmation No. 301557645 (hereinafter, "Equifax's First Response") the report improperly reported payment amounts in excess of the monthly payments being made despite there being no escrow on the BOA account.

22.    On October 31, 2023, Trans Union sent Plaintiff a letter with its investigation results with Report No. 441364617 (hereinafter, "Trans Union's First Response") incorrectly reporting derogatory payments from June 2020 through December 2021 and reflected a maximum delinquency of 120 days.

23.    As a direct result of the inaccurate reporting of the Account on Plaintiff's credit reports, Plaintiff's credit score has dropped significantly.

24.    Plaintiff further incurred the cost of sending the First Dispute Letter via certified mail to all three bureaus in the amount of $25.92 and time spent traveling to the post office.

25.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as

well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against BOA, Equifax, Experian, and/or TransUnion.

26.     At all material times herein, it would have been possible for Defendants to avoid violating the terms of the FCRA.

27.     All conditions precedent to the filing of this action have occurred.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**<u>AS TO TRANS UNION, EQUIFAX, AND EXPERIAN</u>**

Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein and further states as follows:

28.     TransUnion, Equifax, and Experian are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

29.     TransUnion, Equifax, and Experian each willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding Plaintiff's Account.

30.     Specifically, despite the First Dispute Letter in which Plaintiff directly informed TransUnion, Equifax, and Experian that the Debt was never late of behind and should not be reporting as such. This caused his credit score to fall.

31.     Further, TransUnion, Equifax, and Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy

5

of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's credit reports.

32.     Such reporting of the Account is false, short-sighted and evidences TransUnion's, Equifax's, and Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

33.     As a result of TransUnion's, Equifax's, and Experian's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions.

34.     TransUnion's, Equifax's, and Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

35.     TransUnion's, Equifax's, and Experian's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both— with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT—**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**
**AS TO TRANS UNION, EQUIFAX, AND EXPERIAN**

Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein and further states as follows:

36.     TransUnion, Equifax, and Experian are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the information in Plaintiff's credit reports and credit file.

37.     Specifically, TransUnion, Equifax, and Experian willfully or negligently refused, or both, to properly reinvestigate Plaintiff's consumer report upon receiving Plaintiff's dispute, as described herein.

38.     For example, despite receiving Plaintiff's First Dispute Letter, TransUnion's, Equifax's, and Experian's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

39.     Furthermore, TransUnion, Equifax, and Experian continuously reported the Account as a past due obligation on Plaintiff's credit reports despite payments being consistently up to date or paid ahead.

40.     Such credit reporting is false and evidences TransUnion's, Equifax's, and Experian's failure to conduct a reasonable reinvestigation of Plaintiff's disputes regarding the Account.

41.     TransUnion's, Equifax's, and Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

42.     TransUnion's, Equifax's, and Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

7

43.     TransUnion's, Equifax's, and Experian's reinvestigation procedures are unreasonable.

44.     TransUnion's, Equifax's, and Experian's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to the CRAs.

45.     TransUnion's, Equifax's, and Experian's reinvestigations were *per se* deficient by reason of these failures in the CRAs' reinvestigations of Plaintiff and the Account.

46.     TransUnion's, Equifax's, and Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**
**AS TO TRANS UNION, EQUIFAX, AND EXPERIAN**

Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein and further states as follows:

47.     TransUnion, Equifax, and Experian are each subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

48.     Specifically, despite receiving Plaintiff's First Dispute Letter, which explained that the account was never behind or late.

49.     Further, TransUnion, Equifax, and Experian willfully or negligently failed,

or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

50.     TransUnion's, Equifax's, and Experian's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

51.     TransUnion's, Equifax's, and Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)**
**AS TO TRANS UNION, EQUIFAX, AND EXPERIAN**

Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein and further states as follows:

52.     TransUnion, Equifax, and Experian are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

53.     Specifically, despite receiving Plaintiff's First Dispute Letter, in which Plaintiff directly informed TransUnion, Equifax, and Experian that the account was never behind or past due; TransUnion, Equifax, and Experian failed to update or delete information on Plaintiff's credit reports with respect to the Account that was either

inaccurate or could not be verified.

54.     Further, TransUnion, Equifax, and Experian, willfully or negligently, or both, failed to update or delete the information on Plaintiff's credit reports with respect to the Debt associated with the Account, namely that it was either inaccurate or could not be verified.

55.     As a direct result of TransUnion's, Equifax's, and Experian's conduct, actions, and/or inactions, Plaintiff sustained damages to his credit score and loss of access to credit.

56.     TransUnion's, Equifax's, and Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

57.     TransUnion's, Equifax's, and Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**AS TO BANK OF AMERICA**

Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein and further states as follows:

58.     BOA is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—

inaccurate Account information within Plaintiff's credit reports, failing to fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Account on Plaintiff's credit reports after investigating Plaintiff's disputes.

59.     As described above, despite receiving notice of Plaintiff's disputes from Plaintiff as well as from TransUnion, Equifax, and Experian, BOA willfully or negligently reported—or both—erroneous credit information regarding the Account to the TransUnion, Equifax, and Experian.

60.     Specifically, after receiving notice of Plaintiff's repeated disputes from TransUnion, Equifax, and Experian, BOA inaccurately reported the Account as much as 120 days past due which ultimately reflected negatively on Plaintiff's credit reports and credit file.

61.     Additionally, BOA violated the FCRA, Section 1681s-2(b)'s, "completeness" requirement by failing to notate in its reporting to TransUnion, Equifax, and Experian that the Account was disputed by Plaintiff.

62.     Further, BOA reported the immediately-aforementioned negative Account information with actual knowledge that the Debt associated with the Account was never late, behind, but was instead paid additional funds monthly.

63.     BOA's investigations were not conducted in good faith.

64.     BOA's investigations were not conducted reasonably.

65.     BOA's investigations were not conducted using all information reasonably available to BOA.

11

66.     As a result of BOA's conduct, actions, or inactions, Plaintiff was damaged, suffering injury to his credit and reputation, credit score and a loss of access to credit.

67.     BOA's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

68.     BOA's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendants for maximum statutory damages for violations of the FCRA;

b.     Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages under  the FCRA in an amount to be determined at trial;

e.     An award of attorneys' fees and costs; and

f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff

13

IN THE COUNTY COURT OF THE SIXT JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

MADISON MICHAEL CRAIG
JOHNSON,                                          CASE NO.:

      Plaintiff,

vs.

BANK OF AMERICA,
EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
AND TRANSUNION, LLC

      Defendant.

_____/

# EXHIBIT A

October 20, 2023

Equifax Information Services, LLC
P.O. Box 740241
Atlanta, GA 30374

Re:   Madison M. Johnson

███████████████████████████████

Equifax Information Services, LLC Report No. 3233516826
Bank of America Account No. ███████

To Whom It May Concern,

Due to the severity of inaccurate and false information appearing on my credit reports, I have enlisted the help of an attorney to draft this letter.  Although an attorney helped prepare this letter, I read it, fully understand it, and the assertions herein are my own.  I attest that all facts herein are true and accurate to the best of my knowledge.

I hereby dispute and request that you correct the reporting of the above-referenced account for the following reasons:

- I opened a mortgage with Bank of America as of
- In 2020 Bank of America sent me letters and statements indicating that my mortgage was delinquent when it was not.
- In January 2021, my attorney filed a lawsuit against Bank of America under the Florida Debt Collection Practices Act for attempting to collect an allegedly delinquent debt that was not delinquent, Hernando County, Florida Case No. 21-CC-000046.
- Bank of America claimed that they did not receive payments that were in fact timely paid.
- In resolution of that lawsuit, Bank of America was to correct the reporting of my credit as of dismissal of the lawsuit in June 2021.  The reporting was to indicate "never/late" and "paid as agreed."
- To date, Bank of America is still reporting the account as delinquent from June 2020- December 2021.

|      | J   | F   | M   | A   | M    | J    | J   | A   | S   | O   | N   | D   |
|------|-----|-----|-----|-----|------|------|-----|-----|-----|-----|-----|-----|
| 2023 | ✓   | ✓   | ✓   | ✓   | ✓    | ✓    | –   | –   | –   | –   | –   | –   |
| 2022 | ✓   | ✓   | ✓   | ✓   | ✓    | ✓    | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2021 | 90  | 90  | 90  | 90  | 120  | 120  | 90  | 90  | 90  | 90  | 120 | 120 |
| 2020 | ✓   | ✓   | ✓   | ✓   | ✓    | 30   | 30  | 60  | 60  | 90  | ND  | 90  |
| 2019 | ✓   | ✓   | ✓   | ✓   | ✓    | ✓    | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2018 | ✓   | ✓   | ✓   | ✓   | ✓    | ✓    | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2017 | ✓   | ✓   | ✓   | ✓   | ✓    | ✓    | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2016 | –   | –   | –   | –   | –    | –    | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | ND | No data for this period |

- This is inaccurate and misleading. I have proof that all of my mortgage payments were made on time and that the account was never delinquent.

Please update the reporting of this account to indicate "paid as agreed" and "never late", and delete all other negative payment history as inaccurate.

As a result of the erroneous reporting, I have been unable to obtain financing for a new vehicle and my credit score continues to decrease. I have further experienced emotional distress and frustration, and I will be unable to obtain financing under favorable credit terms until the errors are rectified.

Please investigate and correct my reports accordingly. As part of your investigations, please forward a copy of this letter and all of its enclosures to the sources of the information listed above. After your investigations, please send free and updated reports for my review. Thank you for your time and consideration of this matter.

Sincerely,

Madison Michael Craig Johnson

October 20, 2023

Experian Information Solutions, Inc.
P.O. Box 9701
Allen, TX 75013

Re:    Madison M. Johnson

        ████████████████████████████████

        Experian Report No. 2838-4968-15
        Bank of America Account No. ████████

To Whom It May Concern,

Due to the severity of inaccurate and false information appearing on my credit reports, I have enlisted the help of an attorney to draft this letter. Although an attorney helped prepare this letter, I read it, fully understand it, and the assertions herein are my own. I attest that all facts herein are true and accurate to the best of my knowledge.

I hereby dispute and request that you correct the reporting of the above-referenced account for the following reasons:

- I opened a mortgage with Bank of America as of
- In 2020 Bank of America sent me letters and statements indicating that my mortgage was delinquent when it was not.
- In January 2021, my attorney filed a lawsuit against Bank of America under the Florida Debt Collection Practices Act for attempting to collect an allegedly delinquent debt that was not delinquent, Hernando County, Florida Case No. 21-CC-000046.
- Bank of America claimed that they did not receive payments that were in fact timely paid.
- In resolution of that lawsuit, Bank of America was to correct the reporting of my credit as of dismissal of the lawsuit in June 2021. The reporting was to indicate "never/late" and "paid as agreed."
- To date, Bank of America is still reporting the account as delinquent from June 2020- December 2021.

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | — | — | — | — | — | — |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | 90 | 90 | 90 | 90 | 120 | 120 | 90 | 90 | 90 | 90 | 120 | 120 |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 30 | 60 | 60 | 90 | ND | 90 |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2016 | — | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | ND | No data for this period |

- This is inaccurate and misleading. I have proof that all of my mortgage payments were made on time and that the account was never delinquent.

Please update the reporting of this account to indicate "paid as agreed" and "never late", and delete all other negative payment history as inaccurate.

As a result of the erroneous reporting, I have been unable to obtain financing for a new vehicle and my credit score continues to decrease. I have further experienced emotional distress and frustration, and I will be unable to obtain financing under favorable credit terms until the errors are rectified.

Please investigate and correct my reports accordingly. As part of your investigations, please forward a copy of this letter and all of its enclosures to the sources of the information listed above. After your investigations, please send free and updated reports for my review. Thank you for your time and consideration of this matter.

Sincerely,

Madison Michael Craig Johnson

October 20, 2023

Trans Union, LLC
P.O. Box 2000
Chester, PA 19022

Re:    Madison M. Johnson

███████████████████████████████

Trans Union, LLC Report No. 369106033
Bank of America Account No. ███████

To Whom It May Concern,

Due to the severity of inaccurate and false information appearing on my credit reports, I have enlisted the help of an attorney to draft this letter. Although an attorney helped prepare this letter, I read it, fully understand it, and the assertions herein are my own. I attest that all facts herein are true and accurate to the best of my knowledge.

I hereby dispute and request that you correct the reporting of the above-referenced account for the following reasons:

- I opened a mortgage with Bank of America as of
- In 2020 Bank of America sent me letters and statements indicating that my mortgage was delinquent when it was not.
- In January 2021, my attorney filed a lawsuit against Bank of America under the Florida Debt Collection Practices Act for attempting to collect an allegedly delinquent debt that was not delinquent, Hernando County, Florida Case No. 21-CC-000046.
- Bank of America claimed that they did not receive payments that were in fact timely paid.
- In resolution of that lawsuit, Bank of America was to correct the reporting of my credit as of dismissal of the lawsuit in June 2021. The reporting was to indicate "never/late" and "paid as agreed."
- To date, Bank of America is still reporting the account as delinquent from June 2020- December 2021.

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | – | – | – | – | – | – |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | 90 | 90 | 90 | 90 | 120 | 120 | 90 | 90 | 90 | 90 | 120 | 120 |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 30 | 60 | 60 | 90 | ND | 90 |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2016 | – | – | – | – | – | – | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | ND | No data for this period |

- This is inaccurate and misleading. I have proof that all of my mortgage payments were made on time and that the account was never delinquent.

Please update the reporting of this account to indicate "paid as agreed" and "never late", and delete all other negative payment history as inaccurate.

As a result of the erroneous reporting, I have been unable to obtain financing for a new vehicle and my credit score continues to decrease. I have further experienced emotional distress and frustration, and I will be unable to obtain financing under favorable credit terms until the errors are rectified.

Please investigate and correct my reports accordingly. As part of your investigations, please forward a copy of this letter and all of its enclosures to the sources of the information listed above. After your investigations, please send free and updated reports for my review. Thank you for your time and consideration of this matter.

Sincerely,

Madison Michael Craig Johnson